IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MARILYN SKAGGS

**Direct Appeal from the Circuit Court for Wayne County**
**No. 10,794-10,796; 10,673; 11,067; 11,068      Stella Hargrove, Judge**

---

**No. M1999-00428-CCA-R3-CD - Decided July 25, 2000**

---

The Defendant pleaded guilty to one count of aggravated burglary, one count of theft, and three counts of forgery. The Defendant was sentenced to serve sixty days in jail followed by six years of supervised probation. Subsequently, the Defendant's probation officer alleged that the Defendant violated the terms of her probation for numerous reasons. Following a hearing, the Defendant's probation was revoked. The Defendant now argues the following: (1) that the trial court erred in admitting as an exhibit a computer printout of summary notes, (2) that the trial court erred in admitting as an exhibit a faxed copy of an affidavit in lieu of the actual affidavit, and (3) that the court erred in revoking the Defendant's probation. After a review of the record and applicable law, we find no merit to the Defendant's contentions and thus affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court affirmed.**

WEDEMEYER, J., delivered the opinion of the court, in which, SMITH, J. and WILLIAMS, J., joined.

Randy Hillhouse for the Defendant, Marilyn Skaggs.

Paul G. Summers, Attorney General and Reporter, and Lucian D. Geise, Assistant Attorney General for the appellee, State of Tennessee.

### OPINION

On April 10, 1997, the Defendant was placed on six years of supervised probation as the result of pleading guilty to aggravated burglary, theft, and three counts of forgery. On January 9, 1998, approximately nine months after the Defendant began probation, a probation violation report was prepared by Laurie Wade, the Defendant's probation officer. Although not a part of the record,

apparently a warrant dated January 12, 1998 or January 20, 1998[1] was issued by the trial court, presumably containing the allegations raised in the probation violation report of January 9, 1998. These allegations were that the Defendant had failed to obey the law, failed to report arrests to her probation officer, failed to inform her probation officer before changing her residence or employment, failed to pay required fees, and failed to observe special conditions by failing to maintain "timely and substantial payments to the Circuit Court of Wayne County." In an "AMENDMENT TO WARRANT" dated April 6, 1999, it was further alleged that the Defendant failed to obey the law by being arrested for driving on a revoked license on March 8, 1999 and being charged with passing five worthless checks in Wayne County, Tennessee. In yet a second "AMENDMENT TO WARRANT" dated April 29, 1999, the Defendant was accused of further violating her probation on April 1, 1999 by testing positive for marijuana use. Also added were allegations that the Defendant had been charged with aggravated assault, assault on a minor, and five worthless check violations. The warrant alleges that these charges "have been bound over to the Wayne County Grand Jury."

After a hearing, the trial court revoked the Defendant's probation, finding that the allegations against the Defendant were proven by a preponderance of the evidence and that any one of the violations was sufficient cause to revoke the Defendant's probation. The Defendant now contends that the trial court erred in revoking her probation. We respectfully disagree.

---

[1]A January 20, 1998 warrant is referred to in an amendment dated April 6, 1999, and a January 12, 1998 warrant is referred to in an amended warrant dated April 29, 1999.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311. The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App.1981). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App.1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App.1984).

In this case, the Defendant was alleged to have violated her probation by committing additional criminal offenses. She admitted being convicted of numerous forgery charges in Alabama and two misdemeanor charges in Tennessee, all subsequent to being placed on probation. Concerning the Alabama convictions, the Defendant contends that the trial court erred in admitting into evidence a copy of Alabama Judicial Information System's action summary for the Defendant. We conclude that this evidence was properly admitted by the trial court. The document is signed by the Circuit Court judge and certified by the court clerk. It is admissible under Tennessee Rules of Evidence 803(22) and is cumulative to the Defendant's own testimony.

In this case, the Defendant was alleged to have violated her probation by using marijuana.

At the hearing, she admitted using marijuana while on probation. Concerning this allegation, the Defendant contends that the trial court erred in admitting into evidence a facsimile of an affidavit from Dr. Timothy A. Robert, Assistant Laboratory Director of Aegis Analytical Laboratories, Inc., which stated that the Defendant tested positive for "recent and regular use of marijuana." The trial court admitted this affidavit into evidence pursuant to Tennessee Code Annotated § 40-35-311(c)(1), subject to the original being "filed as a late filed exhibit." The original affidavit apparently has never been filed as part of the record in this case, but we find no error by the trial court. We conclude that the facsimile of the affidavit was properly admitted by the trial court pursuant to Tennessee Code Annotated § 40-35-311(c)(1), subject to the original being "filed as a late filed exhibit." Since the original was not filed by the state, the lab results are not admissible evidence of the Defendant's "recent and regular use of marijuana." However, the Defendant's own testimony on this issue is sufficient evidence to support the trial court's revocation of probation.

There need only be one violation of the conditions of probation to support revocation, and in this case the Defendant has admitted to at least three violations. The Defendant admitted that she failed to regularly meet with her probation officer and testified that the reason was because she was incarcerated in Alabama on forgery convictions. The record shows that the Defendant met with her probation officer in July and August of 1997, but failed to meet with her again until August of 1998. At that time, the Defendant informed the probation officer that she had been incarcerated in Alabama on fourteen counts of forgery. Beginning in August 1998, the Defendant only met with her probation officer on a "fairly regular" basis. The Defendant clearly violated the conditions of her probation order requiring that she regularly report to her probation officer and that she not commit

any further criminal acts.  The Defendant also admitted to regular marijuana use which directly violates the condition of her probation order that states that the Defendant not use or have marijuana in her possession.

The evidence at the probation revocation hearing established that the Defendant violated the terms and conditions of her probation.  The trial court, therefore, had the authority to revoke her probation.  <u>See</u> Tenn. Code. Ann. § 40-35-311(d).  The record does not indicate that the trial court abused its discretion in exercising such authority.

Accordingly, the judgment of the trial court is affirmed.